IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner, ) | |
| ) | Civil Action No. 6:17-1042-RMG-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Asst. Warden Stephan, ) | |
| Asst. Warden Washington, ) | |
| Nurse Spriggs, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of the plaintiff, who is a state prisoner proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the District Court.

The plaintiff filed his original complaint (doc. 1) on April 20, 2017, and an amended complaint (doc. 12) on May 22, 2017. Defendants Stephan and Washington filed their answer on July 10, 2017 (doc. 26). Their motion for summary judgment is due by September 25, 2017 (doc. 29). Defendant Nurse Spriggs has not yet been served in this action (*see* docs. 22, 24).

On August 7, 2017, the plaintiff filed a motion (doc. 33) in which he states that his complaint was filed in the "wrong court." He states that he intended to file a state tort claim against the defendants in the South Carolina Court of Common Pleas (*id.* at 1). The plaintiff asks that the court either forward the summons and complaint to the Richland County Clerk of Court for filing or return the summons and complaint to him for filing in the correct court. He also asks that the undersigned "discontinue this action in this court" (*id.*).

On August 18, 2017, the defendants filed their response to the plaintiff's motion (doc. 34). In their response, the defendants note that the plaintiff alleges in his amended complaint that the defendants used excessive force against him, were deliberately indifferent to his serious medical needs, and violated his rights to free speech (doc. 12 at 7). The amended complaint specifically alleges that this court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) (*id.* at 2). The amended complaint also alleges a claim for civil assault and battery under South Carolina law (*id.* at 7). The defendants argue that there is no question that the amended complaint brings causes of action for alleged violations of the plaintiff's rights under the United States Constitution (doc. 34 at 2). Accordingly, the defendants state that, to the extent the plaintiff wishes to abandon his federal causes of action, they have no objection. However, to the extent the plaintiff wishes to proceed with his federal claims alleging excessive force, deliberate indifference, and cruel and unusual punishment, they argue that this court has original jurisdiction of this matter, and the court should retain supplemental jurisdiction over any related state law claims (*id.*).

The Clerk of Court docketed the plaintiff's motion as a "motion to remand." This case may not be remanded to state court as it was not removed from state court. *See generally* 28 U.S.C. §§ 1447,1448. Accordingly, the undersigned has construed the plaintiff's filing as a motion to amend. The court recognizes that "a plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law." *Burbage v. Richburg*, 417 F. Supp.2d 746, 749 (D.S.C. 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)). The undersigned agrees with the defendants that there is no question that the plaintiff's amended complaint alleges violation of his federal constitutional rights and that this court has original jurisdiction over such claims. However, the plaintiff has now made clear that he wishes to pursue only state tort claims and that he wishes to do so in state court (doc. 33 at 1). Accordingly, the undersigned recommends

2

that the plaintiff's motion to amend his amended complaint to abandon his federal claims and to allege only state tort claims be granted.  The undersigned further recommends that the court decline to exercise supplemental jurisdiction over such state law claims and that this action be dismissed. *See* 28 U.S.C. § 1367(c)(3).  Should the district court adopt this recommendation and dismiss the instant case, the plaintiff may then file an action in state court to pursue his state tort claims.  The plaintiff is cautioned, however, that if he again alleges claims over which this court has original jurisdiction, as he did in his amended complaint (doc. 12), the defendants may remove the action to federal court. *See* 28 U.S.C. §§ 1441, 1446.

       IT IS SO RECOMMENDED.

August 22, 2017　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).