IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lamont Cutner, | ) | Case No.: 6:17-cv-1042 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Asst. Warden Stephan, | ) | |
| Asst. Warden Washington, | ) | |
| Nurse Sprigg, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 37) recommending that this Court grant Plaintiff's motion to amend his complaint[1] (Dkt. No. 33) and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Plaintiff's motion to amend his complaint to abandon his federal claims (Dkt. No. 33) is granted. This case is dismissed.

**I. Legal Standards**

**a.** *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal

---

[1] Plaintiff styled his motion as a motion to remand. The Magistrate construed his motion as a motion to amend because this case was originally filed in this Court so cannot be remanded to state court.

claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II. Discussion

Plaintiff is proceeding *pro se*. He alleges in his complaint that defendants used excessive force against him, were deliberately indifferent to his serious medical needs, and violated his right to free speech. (Dkt. No. 12.) Plaintiff later filed a motion explaining that he filed his action in the "wrong" court and that he intended to file a state tort claim against defendants in the South Carolina Court of Common Pleas. (Dkt. No. 33.) The Magistrate has recommended that this Court grant Plaintiff's motion and allow him to amend his complaint to abandon his federal claims if he wishes to pursue only state law claims in state court. Plaintiff has not filed any objections to the R. & R. This Court finds that the Magistrate has correctly applied the controlling law to the facts of this case.

## III. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 37) as the order of the Court. Plaintiff's motion to amend his complaint (Dkt. No. 33) to abandon his federal claims and allege only state tort claims is granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. This case is dismissed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 13, 2017
Charleston, South Carolina